UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK METIVIER,

    Plaintiff,

v

    Case No. 2:06-cv-15429

    HON. LAWRENCE ZATKOFF

SUBURBAN MOBILITY AUTHORITY
FOR REGIONAL TRANSPORTATION
and THOMAS LACOMBE, DAN DIRKS,
BETH GIBBONS, and other, as yet unnamed
employees and agents of SMART, in their
individual and official capacities,

    Defendants.
_____/

**ORDER**

This matter is before the Court on Plaintiff's "Emergency" Motion to Compel Depositions, Compel Discovery and Extend Discovery (Docket #21). In the Motion, Plaintiff blames Defendants for the failure of the parties (or at least Plaintiff) to complete discovery in a timely manner. The Court notes the following:

1. This action was filed on December 7, 2006, and Defendants answered the Complaint on January 31, 2007. This was three months before the scheduling conference was held in this case.

2. In preparation for the scheduling conference, the parties submitted a discovery plan asking for seven months of discovery.

2. At the scheduling conference a week later, the Court agreed with the parties and formalized the seven month discovery period.

3. Two weeks before the discovery cut-off, the parties submitted a stipulation to extend discovery (and the rest of the relevant scheduling dates) by 60 days.

4. The Court granted the parties a 30 day extension for discovery (and the rest of the

relevant scheduling dates), with the new discovery cut-off date being December 17, 2007.

5. Prior to the instant Motion, no party had filed any motion pertaining to discovery, including a motion to compel, for protective order, to quash subpoena, etc.

6. The instant motion was filed on December 14, 2007 (a Friday), at 4:39 p.m. As such, there was one business day and 21 minutes remaining before the close of discovery.

As the foregoing demonstrates, this "Emergency" Motion is not due to the Court's failure to provide the parties with adequate time to complete discovery. The Court gave the parties exactly what they requested. Moreover, the parties have had more than 10 months to engage in discovery since Defendants answered the Complaint, and there are procedures in place by which a party can obtain discovery if discovery requests are not met. In this case, Plaintiff elected not to do so for reasons known only to him.

At this time, discovery has closed. Yet, whether for the reasons stated by Plaintiff or other reasons, Plaintiff clearly has not taken the depositions of a number of Defendants or Defendant representatives. In addition, Defendants' response to the instant Motion is not even due until, in essence, next year.

In the interests of justice, and to avoid the necessity for Defendants to respond to this Motion, the Court hereby ORDERS that the parties complete discovery on or before January 9, 2008. All depositions, including any follow up depositions to be noticed as a result of currently anticipated deposition witnesses, shall be conducted on or before that date. Any party who engages in any obstructionist tactics to delay such depositions or other means of discovery shall be subject to sanctions by this Court, at the Court's discretion.

In addition, the Court hereby ORDERS that the dispositive motion cut-off date shall be

extended from January 9, 2008, to January 14, 2008. Finally, the parties should be aware that no other scheduling dates in this case shall be affected by this Order, nor shall any further extensions be granted by the Court.

**IT IS SO ORDERED.**

                                                                  s/Lawrence P. Zatkoff
                                                                   LAWRENCE P. ZATKOFF
                                                                   UNITED STATES DISTRICT JUDGE

Dated: December 20, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 20, 2007.

                                                                  s/Marie E. Verlinde
                                                                   Case Manager
                                                                   (810) 984-3290